# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MARGARET HAULE | § | |
| | § | |
| V. | § | A-19-CV-033-LY |
| | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE CENTER-HOUSTON | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is Margaret Haule's, as the Relator for the United States of America, Application to Proceed *In Forma Pauperis* (Dkt. No. 2) and her Complaint (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Haule's Application to Proceed *In Forma Pauperis*, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Carr *in forma pauperis* status and **ORDERS** her Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Haule is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a review of the claims made in Haule's Complaint and is recommending her claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendant should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendant.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Haule has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro

se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Haule has filed this *qui tam* cause of action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.*, on behalf of the United States, against the University of Texas Health Science Center-Houston ("UTHSCH"). Although the complaint is not entirely clear, Haule appears to allege that UTHSCH made false statements regarding its hiring practices and failed to post positions for African-American candidates. The FCA imposes liability to "any *person* who . . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A)-(B) (emphasis added). In *Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 787–88 (2000), the Supreme Court held "that the False Claims Act does not subject a State (or state agency) to liability" because neither a state nor state agency falls within the FCA's definition of a "person." The Fifth Circuit has specifically held that "UTHSCH is an arm of the state and . . . UTHSCH is not a 'person' under the FCA, and is not subject to *qui tam* liability." *U.S. ex rel. King v. Univ. of Texas Health Sci. Ctr.-Houston*, 544 F. App'x 490, 498 (5th Cir. 2013), *cert. denied*, 572 U.S. 1035 (2014). Accordingly, Haule has failed to state a claim for relief under the FCA and her lawsuit should be dismissed under § 1915(e)(2)(B).

### III. VEXATIOUS FILINGS

Additionally, in the past two years, Haule has filed a host of frivolous cases in the Austin Division of the Western District of Texas. *See Haule v. ACLU of Texas*, 1:17-CV-944-RP; *Haule v. Texas Coalition to Abolish the Death Penalty*, 1:18-CV-199-LY; *Haule v. Workers Defense*

3

*Project, Inc.*, 1:18-CV-213-LY; *Haule v. Austin Habitat for Humanity*, 1:18-CV-493-RP; *Haule v. Move Austin Forward*, 1:18-CV-494-RP; *Haule v. Grassroots Leadership*, 1:18-CV-606-RP-AWA; *Haule v. City of Austin*, 1:18-CV-707-LY. On January 15, 2019, in addition to filing this case, Haule also filed three other purported *qui tam* suits. *See United States v. Heggemeier*, 1:19-CV-34-RP; *United States v. Southwest Housing Compliance Corporation,* 1:19-CV-35-RP; *United States v. Austin*, 1:19-CV-36-RP. Given Haule's history of filing frivolous cases in this Court, the undersigned both:

> (1) **WARNS** Haule that if she files any additional suit that is later found to be subject to dismissal as frivolous, she may be subject to the imposition of a sanction, including either a monetary assessment, a bar to filing future suits, or both; and

> (2) **RECOMMENDS** that the district court, at a minimum, similarly warn Haule, and further, consider whether to require Haule to **SHOW CAUSE** why she should not be so sanctioned at this time, given the 11 lawsuits she has filed in the past two years.

## IV. RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Haule *in forma pauperis* status. Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Haule's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within

4

fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of March, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE